**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Patricia Hintz,** | **CASE NO. 5:17 CV 1280** |
| **Plaintiff,** | **JUDGE PATRICIA A. GAUGHAN** |
| Vs. | |
| **Commissioner of Social Security,** | **Memorandum of Opinion and Order** |
| **Defendant.** | |

## INTRODUCTION

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp, II ("R&R")(Doc. 16) recommending that the decision of the Commissioner be affirmed. Plaintiff has filed objections. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

## STANDARD OF REVIEW

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b) provides in pertinent part:

> The district judge to whom the case is assigned shall make a de

> novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

## **ANALYSIS**

The parties do not dispute the medical history, which is fully set forth in the R&R. The Court repeats only the information necessary for an analysis of plaintiff's objections.

Plaintiff objects on the grounds that the ALJ erred in evaluating the opinions of Dr. Mehta, plaintiff's treating physician, as well as the opinion of Dr. Bard, an examining psychologist. According to plaintiff, the ALJ failed to properly analyze these opinions and, instead, simply noted that "they are inconsistent with the objective medical evidence discussed above and they do not pertain to the period of adjudication."

With regard to the opinion of Dr. Bard, plaintiff argues that the ALJ erred in discounting the opinion as "not pertaining to the period of adjudication" because the fact that he "did not offer an opinion specific to the period in question is not fatal under Social Security Ruling 83-20, a ruling which allows an ALJ to infer an earlier onset date even when precise evidence of disability is not available." Plaintiff goes on to object that "where an ALJ fails to consider the issue of onset date under this ruling, remand is required."

As an initial matter, the Court finds the argument in plaintiff's objections to be unclear and underdeveloped. There is no dispute that the ALJ determined that plaintiff is not disabled. An "83-20 analysis" is required only upon a finding of "disability." Thus, on its face, Ruling 83-20 does not apply and the ALJ was not obligated to determine onset date. It is possible, however, that plaintiff is claiming that the SSI determination of disability places an obligation on

the ALJ to independently determine onset date even if the ALJ found plaintiff to be "not disabled" *prior* to the date last insured. Plaintiff, however, cites no case law in support of her position. Nor does the government cite any relevant law. Regardless, the Court's research reveals that district courts appear split on this issue. *See, Kafantaris v. Berryhill*, 2018 WL 1157762 (N.D. Ohio Feb. 2, 2018)(setting forth thorough analysis of relevant case law). This Court is not convinced that a finding of SSI disability for a period post-dating the date last insured, especially where there is a significant time gap between the date last insured and the date on which SSI is granted, places a burden on the ALJ to determine onset date. This is so because the ALJ must determine whether plaintiff is entitled to benefits, *i.e.*, is disabled, prior to the date last insured. In other words, provided the onset date did not occur prior to the date last insured, benefits will not be awarded. Functionally, this is no different than a finding of non-disability. Here, the ALJ found plaintiff not disabled. To apply Ruling 83-20 to a situation such as the present would require the ALJ to nonetheless determine onset date even though it occurred during the time period after which plaintiff was no longer entitled to DIB benefits. This Court highly doubts that the drafters of the regulation intended this result.

Regardless, the ALJ did consider the opinion of Dr. Bard. The ALJ discounted this opinion, not only because it was outside the relevant time period, but also because it was inconsistent with the record as a whole. Dr. Bard examined plaintiff only once in 2014. His opinion expressly noted that plaintiff could not respond appropriately to work pressures...at the *present* time." Although plaintiff and her mother reported to Dr. Bard that her symptoms began in 2005 or 2006, the ALJ noted that during this time period plaintiff's psychologist noted continuous improvement. The ALJ further noted that as of May 4, 2006, plaintiff's mental status

3

was within "normal limits" and plaintiff thereafter discontinued treatment.  Although plaintiff points to other notes from 2011 and 2012 from other providers showing that plaintiff was anxious about her medical conditions, the failure of the ALJ to cite these notes does not warrant remand.  The ALJ need not discuss every piece of evidence.  Nor is reversal required if other evidence supports a finding of disability.  Here, the Court finds that the ALJ did not err in failing to expressly apply Ruling 83-20.  Rather, substantial evidence supports the ALJ's finding of non-disability.

For largely these same reasons, the Court finds that the ALJ did not err in applying the treating physician rule with respect to Dr. Mehta's opinion.  The Magistrate Judge aptly set forth the treating physician rule:

> A treating physician's opinion is given "controlling weight" if it is supported by: 1) medically acceptable clinical and laboratory diagnostic techniques; and 2) is not inconsistent with other substantial evidence in the case record.
>
> An ALJ must give "good reasons" for the weight he gives a treating physician's opinion, reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.
>
> When determining weight and articulating "good reasons", the ALJ must apply certain factors to the opinion. These factors include the length of treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and the specialization of the treating source. While an ALJ is required to delineate good reasons, he is not required to enter into an in-depth or "exhaustive factor-by-factor analysis" to satisfy the requirement.

(R&R at p. 11)(citations and quotations omitted).

Dr. Mehta provided an opinion that plaintiff was incapable of even "low stress" work due to depression and anxiety.  Dr. Mehta indicated that these symptoms began in "2006-2007."  It is unclear whether plaintiff reported these symptoms to Dr. Mehta contemporaneously or at some

4

later point in time. Although Dr. Mehta indicates in his opinion that his treatment relationship with plaintiff began 2006, the earliest treatment notes in the record are from 2011. Regardless, the ALJ discounted this opinion not only because the opinion (and treatment records) post date the date last insured, but also because the opinion is inconsistent with the treatment notes from plaintiff's psychologist. The Court set forth this analysis above. And, although plaintiff correctly notes that the ALJ neither specifically addressed the relevant factors, nor addressed the factors in their entirety, no such duty exists. *See, e.g., Francis v. Commissioner of Social Security*, 414 Fed. Appx. 802, 804-05 (6th Cir. 2011)(While an ALJ is required to delineate good reasons, he is not required to enter into an in-depth or "exhaustive factor-by-factor analysis" to satisfy the requirement.).[1] Here, the Court finds that the ALJ did not violate the treating physician rule.

### **CONCLUSION**

This Court, having reviewed the Report and Recommendation and finding plaintiff's objections without merit, hereby accepts the Magistrate Judge's Report and Recommendation. In accordance with that recommendation, judgment is entered in favor of the Commissioner for the reasons stated by the Magistrate Judge and the Report and Recommendation is incorporated herein by reference.

---

[1] Here, plaintiff notes that the ALJ did not consider Dr. Mehta's speciality or the nature and extent of the treatment relationship. Although the Court may not engage in post-hoc rationalization, the Court simply notes that the treatment records post-date the date last insured and Dr. Mehta is an endocrinologist who appears to lack any specialty in psychology or psychiatry.

5

IT IS SO ORDERED.


                                         /s/ Patricia A. Gaughan  
                                         PATRICIA A. GAUGHAN  
                                         United States District Judge  
                                         Chief Judge

Dated: 8/24/18